UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYRIKA DEBORA MASJEDI, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | NO. CV 21-2719-FMO (KS) <br><br> MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.  INTRODUCTION

On November 5, 2020, Nayrika Debora Masjedi ("Plaintiff"), a California resident proceeding *pro se*, filed a civil rights complaint against the United States of America, President Donald J. Trump, Governor Gavin Newsom, the State of California, and 50 unnamed Doe Defendants (collectively, "Defendants") in the Superior Court of the State of California for the County of Los Angeles. (Dkt. No. 1-1 ("Complaint").) On March 30, 2021, Defendants filed a Notice of Removal of Civil Action in this Court and attached Plaintiff's state court complaint. (Dkt. No. 1.)  Plaintiff challenges aspects of the State and Federal response to the COVID-19 pandemic. (*See generally* Complaint.)

//

Under Federal Rule of Civil Procedure 12(b)(6) a trial court may dismiss a claim *sua sponte* and without notice "where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (same); *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726 (D.C. Cir. 1990) (*per curiam*) (adopting Ninth Circuit's position in *Omar* and noting that in such circumstances a *sua sponte* dismissal "is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources"). The court's authority in this regard includes *sua sponte* dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. *See Abagnin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008); *see also Reunion, Inc. v. F.A.A.*, 719 F. Supp. 2d 700, 701 n.1 (S.D. Miss. 2010) ("[T]he fact that [certain] defendants have not appeared and filed a motion to dismiss is no bar to the court's consideration of dismissal of the claims against them for failure to state a claim upon which relief can be granted, given that a court may dismiss any complaint *sua sponte* for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6).").

In determining whether a complaint should be dismissed at screening, the Court applies the standard of Federal Rule of Civil Procedure 12(b)(6): "[a] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Thus, the plaintiff's factual allegations must be sufficient for the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

When a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Akhtar v. Mesa*, 698 F.3d

1202, 1212 (9th Cir. 2012); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citations and internal quotation marks omitted)).  In giving liberal interpretation to a *pro se* complaint, however, the court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011), and the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

If the court finds that a *pro se* complaint fails to state a claim, the court must give the *pro se* litigant leave to amend the complaint unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar*, 698 F.3d at 1212 (internal quotation marks omitted); *Lira v. Herrera*, 427 F.3d 1164, 1176 (9th Cir. 2005).  However, if amendment of the pleading would be futile, leave to amend may be denied.  *See Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of a motion for leave to amend,' *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995), [a]nd the district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend.").

For the following reasons, the Court finds that the Complaint fails to state a cognizable claim for relief under federal law and must be dismissed.[1]  However, leave to amend is granted.

//
//
//
//

---

[1]   Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     ALLEGATIONS OF THE COMPLAINT

The Complaint asserts claims against the following defendants: now former President of the United States Donald Trump;[2] the United States of America; Governor of California Gavin Newsom; the State of California; and Does 1 through 50, inclusive, who "were the alter egos, agents, servants, partners, transferees of any type, successors-in-interest, and/or employees of the named defendants and of one another." (Complaint ¶¶ 9-12, 14-15.) Plaintiff does not specify whether she sues any defendants in their individual or official capacities; rather, she states that each defendant "was/is a participant in the violation of Plaintiff's rights under the US Constitution and the Constitution of the State of California." (*Id.* ¶¶ 9-12.)

Plaintiff alleges as follows. The COVID-19 pandemic commenced in the United States in early 2020. (*Id.* ¶ 16.) In response to the pandemic, the United States of America and the State of California, through President Trump and Governor Newsom caused the closure of public and private business and industry, government agencies, and any business not declared an essential service; according to Plaintiff, the closures were effectuated without notice or opportunity for the citizens and Plaintiff to be heard. (*Id.* ¶ 17.) Consequently, many Americans lost their jobs, businesses, and abilities to earn a living; yet, Defendants continued to collect property taxes. (*Id.* ¶ 18.) Many of these closures persist, and Americans cannot pay their daily expenses or for basic needs. (*Id.* ¶ 19-20.) Plaintiff states that "[i]t is unfair and in violation of all human and American rights to close down their ability to earn money but not to mandate a suspension of the obligation to pay bills on time. And when this pandemic is either under control, or a vaccine is formulated Plaintiff and others will be required to work many more hours, 80 hours per week to make up for those losses." (*Id.* ¶ 21.)

//

---

[2] Plaintiff filed her Complaint in state court in November 2020, when President Trump was still in office. The Court takes no position on whether Plaintiff may continue to assert claims against President Trump now that he is out of office. However, for the reasons discussed in this Order, Plaintiff's claims against President Trump must still be dismissed.

## III. DISCUSSION

**A. Plaintiff Does Not Have Standing to Challenge Laws of General Application.**

Article III of the United States Constitution limits the federal courts' exercise of judicial power to those matters that constitute "Cases" or "Controversies." "[A]n essential and unchanging part of the case-or-controversy requirement" is that the plaintiff must have standing to pursue her claims. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the Article III standing requirement, a plaintiff must show that (1) she has suffered an "injury in fact"; (2) there is a "causal connection between the injury and the conduct complained of"; and (3) it is " 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560-61 (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 38 (1976)).

A plaintiff does not have standing "to challenge laws of general application where their own injury is not distinct from that suffered in general by other taxpayers or citizens." *Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 598 (2007). "The party who invokes the [judicial] power must be able to show . . . that [s]he has sustained or is immediately in danger of sustaining some direct injury . . . and not merely that [s]he suffers in some indefinite way in common with people generally." *Commonwealth of Mass. v. Mellon*, 262 U.S. 447, 488 (1923). Hence, "[a] litigant 'raising only a generally available grievance about government—claiming only harm to [her] and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits [her] than it does the public at large—does not state an Article III case or controversy.'" *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013); *see Lujan*, 504 U.S. at 576 ("Vindicating the public interest (including the public interest in Government observance of the Constitution and laws) is the function of Congress and the Chief Executive." (emphasis in original)).

//

In the Complaint, Plaintiff does not clearly identify any "injury in fact" that she suffered as a result of the acts of wrongdoing alleged. Although Plaintiff identifies violations of constitutional and state law for which she asserts Defendants are responsible, she in no way distinguishes her personal injuries from the harm suffered by the general public as a result of Defendants' policies and conduct. More significantly, it appears that Plaintiff's primary grievance is that she, along with the people of California and the United States generally, are suffering restraints of their liberty due to restrictions imposed by the State and Federal governments in response to the COVID-19 pandemic. As stated above, Plaintiff's allegation that she is suffering these restraints along with all other Californians, and/or all other Americans is insufficient to establish that she has standing to seek relief from the laws and orders at issue. Rather, vindicating Plaintiff's perception of the public interest is the function of legislative and executive branches of government, not the courts. *See Lujan*, 504 U.S. at 576. Accordingly, to avoid dismissal of any First Amended Complaint, Plaintiff must show that, for each legal grievance she presents: (1) <u>she</u> has suffered an "injury in fact"; (2) there is a "causal connection between the injury and the conduct complained of"; and (3) it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"

**B. The United States Government and President are Immune From Suit**

Plaintiff does not specify whether she is suing any of the Defendants in their official or individual capacities. But in either case, Plaintiff cannot sustain claims against the United States Government or against President Trump. "[A]bsent waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *see also United States v. Dalm*, 494 U.S. 596, 608 (1990) ("Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit.") (internal quotation marks and citations omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in

statutory text," will not be implied, and "will be strictly construed, in terms of scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). Additionally, "suits against officials of the United States," presumably including the President, "in their official capacity are barred if there has been no waiver." *Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001); *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (holding that a suit against a United States government employee acting in his official capacity is "essentially a suit against the United States").

"A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Harger v. Dep't of Labor*, 569 F.3d 898, 903 (9th Cir. 2009). The United States has not waived its sovereign immunity for suits brought under the civil rights statutes, and such claims are barred by sovereign immunity. *See Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors."); *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) ("[Section 1983] provides no cause of action against federal agents acting under color of federal law."). Thus, to the extent Plaintiff asserts claims against the United States Government and President Trump in their official capacities, the sovereign immunity doctrine shields those Defendants from defending against Plaintiff's federal civil rights claims.[3]

Additionally, the Federal Tort Claims Act ("FTCA") "waive[s] the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). In this regard, the FTCA authorizes "claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee

---

[3] Nor may this Court construe Plaintiff's civil rights claims as being brought pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). "*Bivens* does not provide a means of cutting through the sovereign immunity of the United States itself." *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985), *cert. denied*, 475 U.S. 1010 (1986). And no *Bivens* claims may be brought against a federal employee, including the President, in his official capacity. *See Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008).

of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In Claims Five and Six, Plaintiff asserts negligence and negligent interference with prospective advantage claims against the United States, President Trump, and the other Defendants without articulating the basis for those claims. (Complaint ¶¶ 38-51.) Thus, the Court may dismiss Plaintiff's claims because they are conclusory. *See Sprewell*, 266 F.3d at 988.

However, even if Plaintiff had asserted plausible tort claims, those claims must be dismissed on jurisdictional grounds. This Court may not exercise subject matter jurisdiction under the FTCA until federal administrative remedies have been exhausted. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Brady v. United States*, 211 F.3d 499, 502 (9th Cir.), *cert. denied*, 531 U.S. 1037 (2000). Here, Plaintiff has not alleged that she has exhausted administrative remedies under the FTCA prior to filing this suit[4] (*see generally,* Complaint). *Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA and, as such, should be affirmatively allegedly in the complaint.") (citation omitted). Accordingly, Plaintiff's tort claims against the United States and President Trump must be dismissed because Plaintiff has not shown that she has exhausted administrative remedies.

To the extent Plaintiff asserts claims against President Trump in his individual capacity, her claim likewise fails. The President of the United States is absolutely immune from suits for damages for conduct that is part of his official duties. *See Forrester v. White*, 484 U.S.

---

[4] Administrative remedies are exhausted under the FTCA when a claim "is first presented to the appropriate Federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made." *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985); 28 U.S.C. § 2675(a); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992). To present a claim to a federal agency, the claimant or his legal representative must file (1) a written statement sufficiently describing the injury to enable the agency to being its own investigation; and (2) a sum certain damages claim. *Cadwalder v. United States*, 45 F.3d 297, 301 (9th Cir. 1995).

219, 225 (1988); *Nixon v. Fitzgerald*, 457 U.S. 731, 756-58 (1982). It is inarguable that the policies enacted by the United States government and the Trump administration in response to the COVID-19 pandemic constituted conduct that was part of the President's official duties. Consequently, Plaintiff may not sue President Trump in his individual capacity based on the facts she alleges.

Accordingly, Plaintiff's claims against the United States and President Trump are DISMISSED. Although leave to amend is granted, Plaintiff is strongly encouraged to omit claims against these Defendants from any First Amended Complaint, as it is clear that Plaintiff cannot sustain a claim against either the United States or President Trump.

**C. The Claims Against The State of California Are Dismissed**

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted). While California has waived its sovereign immunity so that it may be sued in its own courts under the California Tort Claims Act, such a waiver does not constitute a waiver of its Eleventh Amendment immunity in federal courts. *See BV Eng'g v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988). Further, Congress has not abrogated California's sovereign immunity against suits under § 1983. *Williams v. Lew*, Case No. 15-1160-SVW (DFM), 2016 WL 4119954, at *2 (C.D. Cal. June 16, 2016); *Peltier-Ochoa v. Miele*, Case. No. 12-663-JAK (RNB), 2012 WL 4107924, at *1 (C.D. Cal. Aug. 28, 2012).

Accordingly, absent waiver, Plaintiff cannot sustain her claims against the State of California in this Court, and those claims must be dismissed. In the Complaint, Plaintiff fails to provide a basis for jurisdiction or demonstrate a waiver of the Government's sovereign immunity. Although leave to amend is granted, Plaintiff is strongly encouraged to omit his claims against the State of California, because it is highly unlikely that there is a set of facts by which Plaintiff can evade the State's immunity under the Eleventh Amendment.

### IV.   CONCLUSION

For the reasons stated above, the Complaint fails to state a claim upon which relief can be granted and is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, she is granted **twenty-one (21) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, Plaintiff shall cure the defects described above.

**Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint. Plaintiff is strongly encouraged to omit his claims against the United States, President Trump, and the State of California, as it appears that the claims against those Defendants cannot be cured by amendment.** Further, the First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. **It shall not refer in any manner to Plaintiff's earlier pleadings**, and claims and defendants that are not expressly included in the First Amended Complaint shall be deemed abandoned.

In any amended complaint, **Plaintiff may not rely on conclusory allegations and formulaic recitations of applicable law.** Plaintiff shall make clear the nature and grounds for each claim, specifically identify the defendants she maintains are liable for that claim,

clearly and concisely explain the factual and legal basis for their liability. Assuming she continues to proceed *pro se*, she shall also limit the subject of any amended complaint to violations of her own rights and not purport to represent the rights and interests of other individuals or entities. Further, in in any amended complaint, Plaintiff shall show that she has standing to assert her legal claims, *i.e.*, that for each legal grievance she presents: (1) she has suffered an "injury in fact"; (2) there is a "causal connection between the injury and the conduct complained of"; and (3) it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"

When filing an amended complaint, Plaintiff is strongly encouraged to either utilize the Central District's standard civil rights complaint form, a copy of which is attached, or comply with the Central District's Local Rules governing the format of pleadings.

**Plaintiff's failure to timely comply with this Order may result in a recommendation of dismissal. If Plaintiff no longer wishes to pursue this action, in whole or in part, she may voluntarily dismiss it, or any portion of it, by filing a signed document entitled "Notice of Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).**

DATE: April 6, 2020

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.